NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**EMANUEL MICHAEL,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2015-5055

_____

Appeal from the United States Court of Federal Claims in No. 1:14-cv-00757-CFL, Judge Charles F. Lettow.

_____

Decided: March 15, 2016

_____

EMANUEL MICHAEL, Decatur, GA, pro se.

TAMARA N. ROUNTREE, Environment and Natural Resources Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by JOHN C. CRUDEN.

_____

Before Prost, *Chief Judge,* Dyk, and O'Malley, *Circuit Judges.*

Per Curiam.

Emanuel Michael appeals a decision of the Court of Federal Claims (the "Claims Court"). The Claims Court dismissed his complaint for lack of subject matter jurisdiction, finding that he failed to timely file suit under 28 U.S.C. § 2501. Because we agree that Mr. Michael's suit is time-barred, we *affirm*.

## Background

On August 20, 2014, Mr. Michael brought this pro se action against the United States and other defendants in the Claims Court, based on a variety of legal theories. Mr. Michael's complaint alleged various acts of interference by federal, state, and local officials with a parcel of land in Eatonton, Georgia, allegedly owned by a Native American tribe. Mr. Michael asserts that he has been authorized to represent the tribe in this suit. The interfering acts named in the complaint were alleged to have occurred between 1998 and 2000. The United States brought a civil forfeiture action against the property in 2003 and received a judgment of forfeiture from the District Court for the Middle District of Georgia on September 25, 2007. Mr. Michael's complaint sought "declaratory and injunctive relief freeing the property of local zoning and land use laws and prohibiting interference with" the property. *Michael v. United States*, No. 14-757L, 2014 WL 7149569, at *1 (Fed. Cl. Dec. 15, 2014).

After denying Mr. Michael's motion for a preliminary injunction, the Claims Court granted the United States' motion to dismiss for lack of subject matter jurisdiction. *Id.* at *4. The Claims Court held that it lacked jurisdiction over Mr. Michael's case for numerous reasons, including a lack of standing, lack of jurisdiction over claims

against state and local officials, and failure to comply with the six-year statute of limitations. *Id.* at *3–4. Mr. Michael appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(3). We review de novo the Claims Court's dismissal for lack of subject matter jurisdiction. *Samish Indian Nation v. United States*, 419 F.3d 1355, 1363 (Fed. Cir. 2005).

## DISCUSSION

The Claims Court lacks jurisdiction over claims against state and local governments and their officials. *See* 28 U.S.C. § 1491(a)(1); *see also United States v. Sherwood*, 312 U.S. 584, 588 (1941); *Berdick v. United States*, 612 F.2d 533, 536 (Ct. Cl. 1979). As to claims against the United States, 28 U.S.C. § 2501 establishes a six-year statute of limitations for all suits brought at the Claims Court. "Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. The Supreme Court has repeatedly held that the particular six-year statute of limitations of § 2501 is "jurisdictional and thus not subject to equitable tolling." *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1634 (2015); *see also John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 134, 135 (2008). "A cause of action against the government has first accrued when all the events which fix the government's alleged liability have occurred and the plaintiff was or should have been aware of their existence." *San Carlos Apache Tribe v. United States*, 639 F.3d 1346, 1350 (Fed. Cir. 2011) (citation and internal quotation marks omitted). "The question whether the pertinent events have occurred is determined under an objective standard; a plaintiff does not have to possess actual knowledge of all the relevant facts in order for the cause of action to accrue." *Fallini v. United States*, 56 F.3d 1378, 1380 (Fed.

Cir. 1995); *see also San Carlos Apache Tribe*, 639 F.3d at 1350.

Mr. Michael's complaint does not allege any injury arising from any event that occurred after September 25, 2007, the date on which the district court issued a judgment of forfeiture of the property in Eatonton, Georgia. While the accrual of a claim at the Claims Court can be suspended in rare circumstances where the government concealed its acts or the plaintiff's injury was "inherently unknowable," *Ladd v. United States*, 713 F.3d 648, 653 (Fed. Cir. 2013), Mr. Michael has not sufficiently alleged that such circumstances exist in this case. Thus, any cause of action Mr. Michael might have had accrued, at the latest, by September 25, 2007. Mr. Michael filed his complaint at the Claims Court on August 20, 2014, months after the six-year limitations period had run.

The Claims Court was therefore correct that Mr. Michael's claims against the United States are time-barred. We affirm the court's dismissal. We need not reach other jurisdictional issues, including, *inter alia*, whether Mr. Michael has standing.

## AFFIRMED

Costs

No costs.